# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

DIANNE MARLON,
    Plaintiff

VS.                         CIVIL ACTION NO. 01-12199-FHF

WESTERN NEW ENGLAND
COLLEGE,
    Defendant

## PLAINTIFF'S MOTION FOR IMPOUNDMENT OF DOCUMENTS SUBMITTED BY DEFENDANT AND IMPOSITION OF SANCTIONS AGAINST DEFENDANT FOR VIOLATION OF PROTECTIVE ORDER

Now comes plaintiff, through her attorney, and respectfully moves that the court impound documents submitted by the defendant as Exhibits 33 and 34, and that it impose sanctions on the defendant for violation of a protective order entered by the court on or about August 27, 2002.

As grounds for allowing this motion, plaintiff advances:

1. On or about August 27, 2002, upon consideration of plaintiff's motion and defendant's opposition thereto, the court entered a protective order concerning certain of plaintiff's records of mental conditions, illnesses or disabilities, a copy of which order is

1

attached hereto as Exhibit "1."

2. Under the terms of the Protective Order, defendant's attorney was prohibited, without further agreement of the parties or order of the court, from disclosing these records to any party other than Bonnie Alpert, Director of Student Disability Services, claims adjusters and expert witnesses reasonably likely to testify.

3. Under paragraph 8 of said Protective Order, although defendant was permitted to use copies of such records in support of motions, it could do so only after sufficient notice to plaintiff's counsel to enable him to take steps on confidentiality, including requests to impound.

4. On or about April 25, 2003, without prior notice to plaintiff's counsel and in violation of the protective order, the defendant filed a motion for summary judgment, attaching thereto Exhibits 33 and 34, psychiatric and psychology records of the plaintiff without prior notice to plaintiff's attorney.

5. As a result thereof, documents covered by the Protective Order, defendant has made these documents public records, in violation of plaintiff's privacy, rights and in contumacious disregard of the court's Protective Order.

6. To minimize damage to the plaintiff, she respectfully requests that the court now impound the documents in question and return them to plaintiff's counsel at the conclusion of the litigation, including the expiration of appeals.

7. Plaintiff further requests that the court order counsel for the defendant, by sworn affidavit to, identify all individuals with whom she has shared said records and any others covered by the Protective Order.

8. As sanctions for violation of the Protective Order, plaintiff respectfully requests

that the court order Defendant to pay plaintiff a sum no less than One Thousand ($1,000) dollars, or such other amount as the court deems appropriate.

WHEREFORE, plaintiff urges that this motion be allowed.

Respectfully submitted,

DIANNE MARLON,
By her attorney:

Dated: May 19, 2003

_____
Robert LeRoux Hernandez
BBO No. 231920
Six Pleasant St., Suite 513
Malden, MA 02148
(781) 321-8300

### CERTIFICATE OF SERVICE

I, Robert LeRoux Hernandez, hereby certify that I have this day sent a copy of the foregoing document by first class mail directed to all counsel of record.

Dated: May 19, 2003

_____
Robert LeRoux Hernandez

EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNE MARLON,<br>  Plaintiff | )<br>)<br>) |
| VS. | ) |
| WESTERN NEW ENGLAND<br>COLLEGE,<br>  Defendant | )<br>)<br>)<br>) |

CIVIL ACTION NO. 01-12199-FHF

**DOCKETED**

## Plaintiff's Motion Under Fed. R. Civ. P. 26(c) for Protective Order

Now comes plaintiff Dianne Marlon, through her attorney, and respectfully moves that the court enter a protective order governing disclosure and use of certain medical records; as set forth in the attached proposed order.

In support thereof, plaintiff advances:

1. Plaintiff claims that the defendant discriminated against her on the basis of disability or handicap in that defendant failed reasonably to accommodate her in their program.

2. With respect to the issue of plaintiff's disability, the central issue is what knowledge defendant had at the time it denied plaintiff requested accommodations, such that information pertaining to disabilities beyond information in defendant's possession at that time is not critical to defendant's defense.

3. Plaintiff nevertheless acknowledges that defendant may have the right of reasonable access to some of this information for purposes of assessing the scope

8-27-02
Allowed.
Freedman, S.J.

1

exclusively for preparation of this case;

4. Upon receipt of any such records from medical providers or others through releases signed by plaintiff, defendant's counsel shall promptly provide copies of such records to plaintiff's counsel;

5. All such records in the possession, custody or control of the defendant, or any party to which it disclosed these records, will be returned by defendant to plaintiff's attorney expeditiously at the conclusion of the litigation and all copies thereof destroyed.

6. Defendant shall certify to plaintiff that it has complied with the terms of paragraph 5, above;

7. All records covered by this Order may be used in depositions without obtaining a further court order, except that the exhibits and copies thereof shall stay in the custody and possession of the attorneys and such portions of any deposition in which such records are used shall be governed by this stipulation and order;

8. Nothing herein shall limit the right of the defendant to use copies of such records in support of motions or as evidence at trial after sufficient notice to plaintiff's counsel to enable him to take steps to protect confidentiality, including requests to impound;

9. Defendant reserves the right, upon sufficient notice to plaintiff, to seek an order from the court permitting copies of particular records be distributed to other officers, employees, agents and servants if reasonably necessary for preparation of its defense;

10. No disclosure or use of such records as contemplated above shall constitute a waiver of applicable privileges by the plaintiff;

11. Upon resolution of the case in chief, this court shall retain jurisdiction sufficient to ensure enforcement of this Order.

SO ORDERED.

*Frank H Freedman*
U.S.D., J.

Dated: 8-27-03

3