**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1096

DIANNE MARLON,

Plaintiff, Appellant,

v.

WESTERN NEW ENGLAND COLLEGE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Dianne Marlon on brief pro se.
Cheryl I. Smith on brief for appellee.

January 11, 2005

**Per Curiam**. Former law school student, plaintiff-appellant Dianne Marlon, appeals from the district court's grant of summary judgment in favor of defendant-appellee Western New England College ("College"), in her action alleging failure to provide reasonable accommodation under the Americans with Disabilties Act (ADA), 42 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103.

Appellant seeks relief pursuant to Fed.R.Civ.P. 60(b), on the grounds of newly discovered evidence and errors by her attorney. However, those claims have not been presented to the district court and cannot be raised for the first time in this court. See Tiller v. Baghdady, 294 F.3d 277, 280 n.3 (1st Cir. 2002). "New evidence is not to be proffered for the first time on appeal." In re Colonial Mortgage Bankers Corp., 186 F.3d 46, 51 (1st Cir. 1999). And, "[w]e have repeatedly held that 'the acts and omissions of counsel are customarily visited upon the client in a civil case.'" Hoult v. Hoult, 57 F.3d 1, 5 n.3 (1st Cir. 1995).

Marlon's remaining claims are that the district court erred in determining 1) that she was neither substantially limited by her impairments in the major life activities of learning and working, nor so regarded by the defendant, and therefore not covered under the ADA and the Rehabilitation Act, and 2) that Marlon had abandoned her claim that carpal tunnel syndrome (CTS)

-2-

substantially limited her major life activities of working and learning.

As challenges to the district court's grant of summary judgment, the claims are reviewed de novo. Gelabert-Ladenheim v. American Airlines, 252 F.3d 54, 58 (1ˢᵗ Cir. 2001). "In assaying the record, we are guided by the same tenets that guided the lower court. Thus we are duty bound to indulge all reasonable inferences in favor of the party opposing summary judgment. This generous outlook notwithstanding, we must disregard improbable or overly attenuated inferences, unsupported conclusions, and rank speculation." Abbott v. Bragdon, 107 F.3d 934, 938 (1ˢᵗ Cir. 1997), vacated in part on other grounds, 524 U.S. 624 (1998).

Having carefully reviewed the record and briefs and considered the parties' arguments, we conclude for essentially the reasons articulated by the district court, that Marlon has failed to raise a material issue of fact that she was disabled under the relevant statutes. With respect to her suggestion that the College "regarded her" as disabled under subsection (C) of § 12102(2) of the ADA, the only evidence that Marlon provided was that the College provided her with certain accommodations for her condition. That is insufficient evidence to create a triable issue on whether the College regarded her as disabled. See Thorton v. McClatchy Newspapers, Inc., 261 F.3d 789, 798 (9ᵗʰ Cir. 2001). Marlon presented no evidence that the College maintained any

-3-

"misperceptions" about her condition. See Mahon v. Crowell, 295 F.3d 585, 592 (6ᵗʰ Cir. 2002) (upholding summary judgment on ground that plaintiff not regarded as disabled under the ADA where plaintiff "has not shown that [the employer] held any *mistaken* belief about him").

Marlon argues that the district court erroneously concluded from the transcript of the summary judgment hearing before Judge Freedman that plaintiff had "abandoned" the argument that her CTS limited a major life activity. See Appellant's Brief, p. 23. The transcribed exchange between plaintiff's counsel and Judge Freedman supports the district court's conclusion that the claim was abandoned. See Sheehan v. Marr, 207 F.3d 35, 42 (1ˢᵗ Cir. 2000). Plaintiff's counsel stated that "our case is not carpal tunnel syndrome" and that "[c]arpal tunnel syndrome may be a disability if it substantially impairs. We don't believe that was the problem here."

Even if the claim had not been abandoned, however, Marlon has not raised a material issue of fact that CTS substantially limited her ability to learn or work. The evidence on which appellant relies does not support a finding that, with a college degree and fifteen years of experience as a paralegal, Marlon would be disqualified from a broad range of jobs or otherwise substantially limited in her ability to work, when compared to the

-4-

average person in the general population, because of her physical limitations.

To fill the evidentiary gap, Marlon relies upon the "newly discovered evidence." Even if that evidence could be considered, however, the Certificate of Eligibility states that her CTS "is not a barrier to employment at this time as she has already purchased various equipment to assist in removing any barriers [that CTS] may have presented." Appellant's Appendix, Exhibit A. The "ADA's coverage is restricted to only those whose impairments are not mitigated by corrective measures." Sutton v. United Air Lines, Inc., 527 U.S. 471, 487 (1999).

Based upon our de novo review of the record, we also agree with the district court that Marlon has not produced evidence that her CTS substantially limited her ability to learn.

The district court's judgment granting defendant's motion for summary judgment is affirmed.

-5-